**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1299
_____

S.M., on behalf of B.M.; E.M., on behalf of B.M.,
                                                    *Appellants*

v.

FREEHOLD REGIONAL HIGH SCHOOL DISTRICT BOARD OF EDUCATION
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3:22-cv-00107)
District Judge: Honorable Robert Kirsch
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 2, 2025

Before: HARDIMAN, BIBAS, and FISHER, *Circuit Judges*.

(Filed: June 3, 2025)
_____

OPINION*
_____

HARDIMAN, *Circuit Judge*.

        S.M. and E.M., the parents of B.M., appeal the District Court's judgment on the

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

administrative record in favor of the Freehold Regional High School District Board of Education (Freehold). We will affirm.

## I

B.M. is a twenty-six-year-old man with severe disabilities. His parents filed an administrative complaint against Freehold with the New Jersey Department of Education, asserting claims under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 *et seq.*, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. They alleged that Freehold denied B.M. a free appropriate public education (FAPE). An administrative law judge (ALJ) dismissed the complaint.

The parents then sued Freehold in the District Court, arguing that the ALJ erred by declining to grant B.M. compensatory education. They also brought discrimination claims under Section 504; Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131 *et seq.*; and the New Jersey Law Against Discrimination, N.J. Stat. Ann. § 10:5-1 *et seq*. The District Court entered judgment on the administrative record in favor of Freehold on the parents' federal law claims. It declined to exercise supplemental jurisdiction over the remaining state law claim and dismissed it without prejudice. The parents timely appealed.

## II[1]

We will affirm essentially for the reasons explained by the District Court in its

---

[1] The District Court had subject-matter jurisdiction under 20 U.S.C. § 1415(i)(3)(A) and 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291.

thorough and cogent opinion.

The parents first argue that B.M. was entitled to compensatory education because Freehold did not provide him with home programming, including a morning aide to help him get ready for school. The parents are correct that transportation is a "related service[]" schools must provide under the IDEA. 20 U.S.C. § 1401(26)(A); N.J. Admin. Code § 6A:14–3.9(a)(7). Freehold satisfied that obligation by providing B.M. with transportation to and from school with his own aide. But that statutory duty did not oblige Freehold to provide B.M. with an aide *before* he was picked up for school. No reasonable construction of Freehold's statutory duty to provide "transportation . . . required to assist a child with a disability to benefit from special education," 20 U.S.C. § 1401(26)(A), could include services antecedent to picking up the student for school.

The parents next contend that Freehold denied B.M. a FAPE because it did not provide him with home instruction when his behaviors prevented him from attending school. We disagree. The record supports the District Court's finding that home instruction was not appropriate for B.M. For example, Dr. Frances A. Perrin, who evaluated B.M., observed that B.M. engaged in particularly aggressive and combative behavior when he was receiving home instruction.

Finally, the parents argue Freehold failed to provide B.M. with a FAPE because it did not reevaluate him during the 2017–2018 and 2018–2019 school years to determine how to address the behavioral issues causing his absences from school. Again, we are unpersuaded.

Under the IDEA, a local educational agency must conduct an initial evaluation of

3

a student, 20 U.S.C. § 1414(a)(1), and reevaluate the student "at least once every 3 years, unless the parent and the local educational agency agree that a reevaluation is unnecessary," *id.* § 1414(a)(2)(B)(ii). Beyond that, a reevaluation is required only if the student's parent or teacher requests one or "if conditions warrant." N.J. Admin. Code § 6A:14–3.8(a); *see also* 20 U.S.C. § 1414(a)(2)(A). But a student may not be reevaluated more than once per year unless the parents and the school both agree to do so. 20 U.S.C. § 1414(a)(2)(B)(i); N.J. Admin. Code § 6A:14–3.8(a).

B.M. was evaluated on February 2, 2017, and the parents filed their due process complaint on April 10, 2019. So in essence, the parents argue that because "conditions warrant[ed]," Freehold violated the IDEA by not reevaluating B.M. in the fourteen-month period between February 2, 2018, and April 10, 2019. The District Court rejected this argument, and we perceive no error, much less clear error, in that conclusion. The record shows that, by the time B.M.'s attendance issues grew significantly worse, Freehold took the appropriate steps to offer B.M. an individualized education program and services that would provide him with a FAPE, especially because B.M. had been approved for residential placement by December 2018.

Nor did the District Court err when it rejected the parents' Rehabilitation Act and ADA claims, which failed once the Court determined that B.M. received a FAPE. *See D.K. v. Abington Sch. Dist.*, 696 F.3d 233, 253 n.8 (3d Cir. 2012); *Ridley Sch. Dist. v. M.R.*, 680 F.3d 260, 282–83 (3d Cir. 2012). For the same reason, he was not entitled to compensatory education or attorneys' fees. *See D.K.*, 696 F.3d at 253; *Augustyn v. Wall Twp. Bd. of Educ.*, ___ F.4th ___, 2025 WL 1352259, at *1 (3d Cir. May 9, 2025). Nor

4

did the District Court err when it found that the record contains no evidence of intentional discrimination. *See S.H. ex rel. Durrell v. Lower Merion Sch. Dist.*, 729 F.3d 248, 262–64 (3d Cir. 2013).

## III

For the reasons stated, we will affirm the District Court's judgment.